UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:09CR278 HEA |
| MARIO DARNELL SMITH, | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 122], of United States Magistrate Judge Frederick R. Buckles, pursuant to 28 U.S.C. § 636(b). Judge Buckles continues to recommend that Defendant's Motions to Suppress Statements and Evidence, [Doc. Numbers 24, 25 and 33], be denied. After consideration of the subsequent hearing and filings, Judge Buckles concluded that none of the evidence adduced at the supplemental hearing would cause him to change or revise the findings of fact made in his previous Memorandum, Report and Recommendation.

Defendant objects to the recommendation based on his previously filed memoranda. Defendant argues that "in situations of pre-planned arrests or searches, *Terry [v. Ohio*, 392 U.S. 1, (1968),] does not apply." There has been no

evidence, however, to establish this was a situation of a "pre-planned" arrest or search, other than Defendant's speculation as to the officers' intent.

The testimony at the hearings establishes that Officer Vogel placed a "wanted" on the vehicle. Officer O'Neill, after running the license plates of the vehicle, ascertained that the vehicle was wanted in connection with a robbery. Officer O'Neill's actions were therefore based on a reasonable articulable suspicion that the individual is engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). As this Court has previously held, Officer O'Neill had a reasonable suspicion when he stopped the defendant, based on the "wanted" that was placed on the vehicle. "[The] Officer. . . observed the defendant driving a vehicle with the same license plates as the suspected vehicle." *United States v. Spivey*, 51 Fed.Appx. 188 (8th Cir. 2002).

Officer O'Neill testified that the reason for the stop was to determine the identity and run a record check of the driver. While Defendant argues that this was not Officer O'Neill's true intent, the officer's undisputed testimony establishes otherwise. Defendant's speculation as to the officers' intent is not established in the record.

The Court has reviewed the entire record, including the transcripts of the hearings held, and the supplemental memorandum. The Court agrees with Judge Buckles that nothing subsequently presented would alter the conclusions reached

in the Court's original findings and conclusions. Having conducted a *de novo* review of the Motions to Suppress and the record before the Court, Defendant's objections are overruled. For the reasons set forth in Judge Buckles' Recommendations this Court's previous Opinion, Memorandum and herein, the Court, will adopt Judge Buckles' Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Statements, [Doc. No. 24] and Motions to Suppress Evidence, [Doc. Numbers 25 and 33], are **DENIED**.

Dated this 13th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE